cc: Fiscal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERCREST INDUSTRIES LLP et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GANESHA ENTERPRISES LLC et al.,<br><br>Defendants. | Case No. 2:26-cv-06718-SB-AS<br><br>ORDER GRANTING PRELIMINARY INJUNCTION |

Plaintiff Evercrest Industries LLP manufactures and exports chewing tobacco products and betel nut breath fresheners bearing the "RMD GUTKHA" and "RMD PAN MASALA" trademarks. Evercrest and one of its owners, Prakash Rasiklal Dhariwal, allege that Defendant Karunesh Gupta, through five Defendant entities he owns or controls, is advertising, distributing, and selling counterfeit merchandise bearing Plaintiffs' marks. The Court granted a temporary restraining order (TRO), held a preliminary injunction hearing, and ordered the parties to meet and confer regarding the appropriate scope of interim relief. Dkt. Nos. 17, 30.

The parties agree to the entry of a limited preliminary injunction enjoining the sale of counterfeit products but dispute the exact terms of the injunction. Dkt. No. 34. Plaintiffs' proposed language would restrain "counterfeit and/or infringing" products bearing both the RMD GUTKHA and RMD PAN MASALA marks, bar Defendants from selling any RMD product over the Internet, require Defendants to provide Plaintiffs with a weekly accounting of their sources and customers, and dispense with any bond. Defendants consent to a narrower order focused on counterfeit products bearing the RMD GUTKHA mark and object to Plaintiffs' proposed language on the ground that it would improperly restrict the lawful resale of genuine goods, expose Defendants to contempt for the unknowing sale of counterfeit products, and compel disclosure of competitively sensitive information. They also seek a $1,000,000 bond.

I.

As the parties acknowledged at the motion hearing, any injunction should be tailored to protect Plaintiffs' interest in preventing the sale of counterfeit products without affecting Defendants' legitimate business activities. Applying this principle to the present record, the Court makes the following findings:

First, Plaintiffs neither argued nor submitted evidence that Defendants sell counterfeit products bearing the RMD PAN MASALA mark.[1] They therefore have not shown a likelihood of success on the merits as to infringement of that mark, and the injunction shall be limited to restraining use of the RMD GUTKHA mark.

Second, because Plaintiffs' claims are based on the purported sale of counterfeit products—i.e., inauthentic products bearing marks identical to Plaintiffs' marks—the injunction shall enjoin only the sale of counterfeit products and does not address other unspecified "infringing products."

Third, the parties do not dispute that scienter is not an element of a claim for direct trademark infringement. *See Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1394 (9th Cir. 1993) ("[I]ntent is not a necessary element of trademark infringement."); *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1102 (N.D. Cal. 2021), *aff'd in part,* No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023) ("A party is strictly liable for selling infringing goods even if it does not itself affix the mark."). The Court therefore declines to adopt Defendants' proposed language to the extent it seeks to limit the injunction to restricting knowing sales of counterfeit goods. Consistent with governing law, however, Defendants will not be held in contempt if they have made "every reasonable effort" to comply with "a good faith and reasonable interpretation" of the injunction, which by its terms requires Defendants to take every reasonable precaution to avoid infringement. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

Finally, the Court elects to impose a bond of $500,000. The parties do not dispute that Defendants operate a legitimate business and may be selling some genuine RMD GUTKHA products. Although the injunction is limited to

---

[1] The Court's TRO did not encompass the RMD PAN MASALA mark, and Plaintiff did not ask the Court to revisit that conclusion at the preliminary injunction hearing.

counterfeit products, a wrongful restraint of disputed inventory could cause Defendants harm, and bond is therefore appropriate. *See* Fed. R. Civ. P. 65(c) (requiring security to compensate a party in the event they are wrongfully enjoined or restrained). The amount of the bond requires a reasonable estimate of the damages Defendants are likely to sustain if they are wrongfully enjoined. Defendants initially sought a bond exceeding $2 million based on projected sales but acknowledged at the hearing that this figure reflected gross rather than net revenue and therefore overstated their potential losses. At the same time, the injunction is substantially narrower than the TRO and expressly preserves Defendants' ability to purchase, possess, advertise, distribute, and sell genuine RMD GUTKHA products protected by the first-sale doctrine. In light of the limited scope of the injunction, the uncertainty surrounding Defendants' potential damages, and the Court's obligation to require security sufficient—but not greater than reasonably necessary—to protect against the risk of a wrongful injunction, the Court concludes that a bond of $500,000 is appropriate.

II.

For the reasons set forth in the TRO, on the record at the motion hearing, and in this order, the Court orders as follows:

Defendants Ganesha Enterprises LLC, Ganesha Canada LLC, Ganeshaspice.com LLC, Kedar LLC, and Kings & Lions L.L.C., and Karunesh Gupta, together with their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert with them who receive actual notice of this order, are preliminarily enjoined as set forth below, until further order of the Court.[2]

[2] Defendants request that Defendants Ganesha Canada LLC, Ganeshaspice.com LLC, and Kedar LLC be excluded from the injunction because they "did not participate in tobacco purchases, sales, handling, distribution, or related transactions." Dkt. No. 34. But Plaintiff alleges—and Defendants do not dispute—that these entities are owned and controlled by Defendant Gupta, alongside the other entity Defendants. Defendants have not shown, on this record, that an injunction narrowly tailored to prohibit the distribution and sale of counterfeit products would prejudice or harm Defendants Ganesha Canada LLC, Ganeshaspice.com LLC, and Kedar LLC in any way. The Court therefore declines to exclude them from the injunction.

For the purpose of this injunction, a "counterfeit RMD GUTKHA product" is a product bearing the RMD GUTKHA mark or a colorable imitation of that mark that did not originate with Plaintiffs' or under their authorization. Nothing in this order prohibits Defendants from purchasing, possessing, advertising, offering, distributing, shipping, or selling genuine RMD GUTKHA merchandise, consistent with the first-sale doctrine as defined under Ninth Circuit law. *See, e.g.*, *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074–76 (9th Cir. 1995).

Defendants are enjoined from:

1. Making, manufacturing, marketing, advertising, distributing, offering to sell, or selling any counterfeit RMD GUTKHA product, including by advertising, offering for sale, or selling any counterfeit RMD GUTKHA product on Defendants' website or any other online marketplace and using any counterfeit RMD GUTKHA product in Defendants' marketing, advertising, or sales materials;

2. Transporting, shipping, moving, exporting, disposing of, or destroying any counterfeit RMD GUTKHA product, except to quarantine and preserve it, return it to the documented supplier, or deliver it to a retained expert or a regulator—provided that Defendants make and keep detailed records of any such transfer;

3. Modifying, relabeling, repackaging, renaming, concealing, or otherwise changing the content, appearance, name, packaging, or any other characteristic of any counterfeit RMD GUTKHA product;

4. Forming or using any business entity, association, or other device with the purpose and effect of circumventing an express prohibition in this order or assisting, aiding, or abetting any other person or entity in conduct expressly prohibited herein.

The Court further orders as follows:

5. For each inbound shipment and each materially different manufacturing month or lot of RMD GUTKHA products, Defendants shall inspect representative sealed units and the outer case, photograph the reasonably visible packaging and authentication features, and retain one sealed representative unit for 90 days after the last sale from that lot. Within two business days after entry of this order, Plaintiffs shall provide Defendants' counsel, on an Attorneys' Eyes Only basis, the relevant legacy authentication criteria, known legitimate packaging

variations, and reference images needed for inspection, and shall update that information before materially changed packaging enters U.S. distribution.

6. Within seven days after entry of this order, and every seven days thereafter, Defendants shall produce to Plaintiffs' counsel, on an Attorneys' Eyes Only basis, purchase invoices, available payment and shipping records, and the aggregate number of RMD GUTKHA units purchased, sold, and remaining in inventory, organized by manufacturing month or reasonably available lot identifier. Customer identities and transaction-level sales records need not be produced absent a written dispute concerning a specific lot, in which case the records relevant to that dispute shall be produced on an Attorneys' Eyes Only basis.

7. Before filing any motion for civil contempt arising from an alleged violation of this order, Plaintiffs shall meet and confer with Defendants in good faith to resolve the dispute. Upon written notice from Plaintiffs of any suspected violation of this order, Defendants shall, within one business day, quarantine the relevant units and cease further advertising, offering, or sale of that product or lot.

8. No later than July 24, 2026, Plaintiffs shall deposit in the Court's registry a bond in the amount of $500,000 and file a notice that the bond has been deposited. Failure to post the bond by the required date may result in the Court vacating this preliminary injunction.

* * * *

Date: July 16, 2026

Stanley Blumenfeld, Jr.
United States District Judge